UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| BOBBY BARD WHITLOCK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:23-cv-00084-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SHELBY COUNTY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on a preliminary screening of Plaintiff Whitlock's Complaint pursuant to 28 U.S.C. § 1915(e)(2). [*See* R. 10.] Bobby Bard Whitlock, Jr., is a pretrial detainee at the Shelby County Detention Center. [R. 1.] Upon this initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review of the Complaint, the Court finds that Whitlock's claims should be dismissed.

Mr. Whitlock's Complaint, brought pursuant to 42 U.S.C. § 1983, identifies four Defendants: Shelby County, Kentucky, and three Shelby County Detention Center Employees. [R. 1.] Those employees are Jailer Darrell Cox; Sergeant Kimberly Damon; and Deputy Joey Stinnett. *Id.* The Complaint is silent about Shelby County's role as a Defendant. *Id.* Mr. Whitlock provides brief allegations against the three employees. *Id.* First, Plaintiff Whitlock states that he has only seen Jailer Cox twice in his six-month period of pretrial detention; thus, he infers that Mr. Cox is shirking his duties as jailer and an elected official. *Id.* at 4. Next, Mr.

Whitlock indicates Deputy Joey Stinnett improperly put him in isolation and harassed him by inappropriately puckering his lips and blowing a kiss at him. *Id.* at 5. Mr. Whitlock further alleges that, on one occasion, Sergeant Kimberly Damon required him and at least two other inmates to remove their pants and remain in their underwear against their will. *Id.* Mr. Whitlock seeks one million dollars in money damages, ten million dollars in punitive damages, and the three individual Defendants' termination of employment. *Id.* at 6.

As a preliminary matter, Shelby County, Kentucky, is not a proper Defendant in this matter. The Complaint does not allege that any conduct at issue was the product of a county policy or custom so as to state a viable claim against the county itself. *See, e.g.*, *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

To state a viable claim against the remaining Defendants under 42 U.S.C. § 1983, Mr. Whitlock must allege that a person acting under the color of state law deprived him of rights secured by the Constitution or laws of the United States. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48–49 (1988). Mr. Whitlock fails to satisfy this standard as it pertains to Jailer Cox. Plaintiff Whitlock does not describe any specific deprivation of his constitutional rights at the hand of Jailer Cox, but instead vaguely alludes to Mr. Cox's absence and negligence. Such a statement falls short of stating a constitutional claim.

Similarly, Mr. Whitlock fails to state a viable claim against Deputy Stinnett and Sergeant Damon. Mr. Whitlock maintains the two Defendants' actions violated his rights under the Prison Rape Elimination Act ("PREA"), but the PREA does not create a private right of action. *See, e.g.*, *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (collecting cases). And while Mr. Whitlock implies that Deputy Stinnett's and Sargeant Damon's actions abridged his rights under the United States Constitution, the conduct Mr.

2

Whitlock describes falls short of a constitutional violation. The allegations, if true, may be unprofessional, but the harassment described in the Complaint is insufficient to rise to the level of "cruel and unusual punishment" within the scope of the Eighth Amendment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004).

For these reasons, the Court **ORDERS** as follows:

1. Mr. Whitlock's Complaint **[R. 1]** is **DISMISSED** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2);

2. Judgment shall be entered contemporaneously herewith; and

3. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 8th day of January, 2024.

Gregory F. Van Tatenhove
United States District Judge